IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CV-10-AR-2627-S |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | **COMPLAINT** |
| THE MCPHERSON COMPANIES, INC. Defendant. | ) ) ) | and **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an enforcement action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et. seq.*, and Title I of the Title VII of the Civil Rights Act of 1991 ("Title VII"), to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to John Doe ("Doe"), who was adversely affected by such practices. As alleged with greater particularly in paragraphs eight (8) through sixteen (16) below, the U.S. Equal Employment Opportunity Commission alleges that The McPherson Companies, Inc. violated Title VII by subjecting John Doe[1] to sexual harassment and retaliation.

---

1   John Doe used herein as a pseudonym for the actual Charging Party to protect his privacy and avoid additional harm. For reference, this litigation concerns EEOC Charge Number 420-2008-01847. The actual name of the Charging Party will be supplied in an appropriate motion filed with the Court.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (f)(3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama, Southern Division. Venue is appropriate pursuant to Section 706(f) (3) of Title VII, 42 U.S.C. Section 2000e-5(f) (3).

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f) (1) and 706(f) (3) and 707, of Title VII, 42 U.S.C. Section 2000e-5(f) (1) and (3) and (6), as appropriate.

4. At all relevant times, The McPherson Companies, Inc. ("McPherson" or "Defendant") a Delaware corporation, has continuously been conducting business in the State of Alabama and the City of Trussville, and has continuously had at least fifteen (15) employees.

5. At all relevant times herein, McPherson has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this action, Doe filed a charge with the Commission alleging violations of Title VII by McPherson. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since on or about 2005 to February 15, 2008, Defendant has engaged in unlawful employment practices at its Trussville, Alabama facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2(a)(1), and Section 704 of Title VII, 42 U.S.C. Section 2000e-3(a).

8. During Doe's employment with Defendant, McPherson supervisors and managers regularly made offensive and unwanted derogatory comments and statements directed at and to him based on his sex.

9. Defendant supervisors and managers expressed to Doe that he did not conform to their view of masculine or male: that he was too feminine; that he needed to change how he carried himself; and that he should engage in more masculine activities like hunting and watching football.

10. The hostile environment that existed at McPherson's facility included Defendant supervisors and managers calling Doe names like "fairy," "fag fairy

3

puff," "queer," and "homo" because they viewed him as too feminine.

11. The hostile environment that existed at McPherson's facility included Defendant supervisors and managers whistling at Doe in a lascivious manner, and accusing him of engaging in sexual acts with men, because they viewed him as not conforming with male/masculine stereotypes.

12. The hostile environment that existed at McPherson's facility included Defendant supervisors and managers telling Doe that they would have sex with him.

13. When Doe complained to Defendant's Human Resources official about the conduct of its supervisors and managers, Defendant retaliated against him by, among other acts, requiring him to undergo drug testing, sending him home on unpaid leave, requiring him to undergo medical treatment, moving him to less favorable job assignments, removing his title, ostracizing and alienating him, and refusing to let him assume his favorable duties and terminating him.

14. The unlawful sexual harassment was unwelcome and occurred with the full knowledge of Defendant's supervisory personnel, but Defendant failed to exercise reasonable care to prevent and/or correct promptly any sexually harassing behavior.

15. The unlawful sexual harassment was directed at John Doe based upon stereotypes and preconceived notions about what is appropriate male behavior and

was not directed at females in the workplace or at males who conformed to the stereotype of male behavior.

16. Defendant retaliated against Doe in violation of 42 U.S.C. §2000e-3(a) and (b) by discharging him from employment with McPherson after engaging in other adverse actions all because he opposed practices made unlawful under Title VII.

17. The effect of the practices complained of in paragraphs eight (8) through sixteen (16) has been to deprive John Doe of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex.

18. The effect of the practices complained of in paragraphs eight (8) through sixteen (16) has been to deprive John Doe of equal employment opportunities and otherwise adversely affect his status as an employee because he opposed practices made unlawful by Title VII

19. The unlawful employment practices complained of in paragraphs eight (8) through sixteen (16) above were intentional.

20. The unlawful employment practices complained of in paragraphs eight (8) through sixteen (16) above were done with malice or with reckless indifference to the federally protected rights of Doe.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from engaging in sexual harassment, retaliation or any other employment practices which discriminate on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, regardless of sex, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole John Doe, who was wrongfully discharged by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief, (reinstatement), or an appropriate order of front pay, necessary to eradicate the effects of its unlawful employment practices including, but not limited to, rightful place reinstatement or, alternatively, front pay.

D. Order Defendant to make whole John Doe by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs eight (8) through sixteen (16) above, including any relocation expenses, job search expenses, and medical expenses not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

E. Order Defendant Employer to make whole John Doe whole by compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs eight (8) through sixteen (16) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation in amounts to be determined at trial.

F. Order Defendant Employer to pay John Doe punitive damages for its malicious and reckless conduct described in paragraphs eight (8) through sixteen (16) above, in amounts to be determined at trial.

G. Order the Defendant to make any affirmative relief necessary to eradicate the effects of its unlawful employment practices.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U. S. Equal Employment
Opportunity Commission
131 M Street, N.E.
Washington, D.C.  20507

C. EMANUEL SMITH
Regional Attorney
Mississippi Bar # 7473

*Julie Bean*

JULIE BEAN
Supervisory Trial Attorney
D.C. Bar # 433292

Equal Employment Opportunity
Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL  35205
(205) 212-2045
(205) 212-2041